■ RONALD ISLER, an Infant, by VIVIAN ISLER, His Guardian ad Litem, et al., Appellants, v. MORGAN B. STARKE, Respondent.— In a negligence action to recover damages for personal injury and loss of services, plaintiffs appeal (a) from a judgment of the Supreme Court, Richmond County, entered November 20, 1961 after trial, upon a jury's verdict in favor of defendant; and (b) from so much of an order, dated April 17, 1962, as *inter alia* refused to

settle the record (upon the appeal from the judgment) on the ground that as proposed it "does not conform and contain the complete stenographic record of all the proceedings on the trial of this action," and as directed that, except with respect to the medical testimony, "all other testimony, proofs and proceedings of the trial" be printed in full. Judgment reversed on the law and the facts, without costs, and a new trial granted. Order insofar as appealed from, affirmed, without costs. On December 7, 1957, at 1:45 A.M., the infant plaintiff, while walking in the direction of traffic, was struck from the rear by defendant's automobile. It was claimed that the infant and his female companion were required to resort to the roadway because of the presence of snow on the sidewalk. He, as well as the witnesses on his behalf who testified with respect to liability, was cross-examined on the feasibility of crossing the six-lane highway in order to walk against the traffic. Under the circumstances, it was error to deny plaintiffs' request to instruct the jury that on December 7, 1957 there was no statutory law which required a pedestrian who was walking in the street within the limits of New York City, to walk facing or against traffic (see former Vehicle and Traffic Law, § 85, subd. 6, repealed L. 1957, ch. 698, eff. July 1, 1958; former New York City Traffic Regulations, § 77). The long existence of such a statutory requirement *outside* New York City, together with the emphasis placed by the defendant on the direction in which the infant plaintiff was walking, required that the request be granted. It was also error to exclude a photograph which a detective (who first saw the automobile and who impounded it approximately one hour and forty-five minutes after the accident) testified was a "fair and accurate representation of the car immediately after the accident." Without proof to the contrary "it was reasonable to assume that its then condition was substantially the same as at the time in question" (see *Peil* v. *Reinhart*, 127 N. Y. 381, 385). The conduct of the respective trial counsel, coupled with the foregoing errors, rendered questionable the possibility of a well-considered verdict, and requires a new trial in the interests of justice. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.