## THIRD DEPARTMENT, APRIL, 1983

## (April 7, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. MILLSON, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered February 19, 1981, upon a verdict convicting defendant of the crime of murder in the second degree. Defendant was convicted of the murder of two-year-old Jessica Harris. On June 3, 1980, defendant and Debra Harris, who was the child's mother and defendant's girlfriend, brought Jessica to Greene County Memorial Hospital for treatment. The girl was unconscious at the time with numerous severe bruises about her head and body. Three days later, after emergency brain surgery proved unsuccessful, the child died without ever regaining consciousness. Defendant, who had been baby-sitting Jessica, was arrested and ultimately charged with murder in the second degree. At trial, both medical experts called by the prosecution agreed that the extent and severity of the child's bruises — there were approximately 40 about the head — indicated a classic case of battered child syndrome. Although defendant did not testify at trial, his Grand Jury testimony, given after waiving immunity, was read to the jury; it was claimed that the child's bruises were the result of a series of household accidents which occurred while he was caring for her. He did admit, however, to slapping the child that day as well as on previous occasions, shaking her when she misbehaved and spanking her with a foot-long stick when she angered him. Debra Harris testified that Jessica had been in good physical condition when she left her with defendant to go to work on the morning of June 3. Following defendant's conviction, a sentence of 25 years to life imprisonment was imposed. We affirm. Of the many points advanced on defendant's behalf, only a few merit discussion. Initially, we note that when the proceedings below are considered as a whole the various omissions and errors imputed to defendant's counsel do not even remotely approach the level of inability needed to conclude that defendant was inadequately represented (*People v Baldi,* 54 NY2d 137, 147). We do not share defendant's view that counsel's failure to move to have the indictment dismissed because defendant's right to make an initial narrative statement to the Grand Jury was abrogated constituted ineffective assistance. The statement he gave was essentially his own; the prosecution interrupted only to seek clarification of specific events, dates, and times and to urge defendant to continue with his account of Jessica's death. Furthermore, after he had finished testifying, defendant was given a final opportunity, which he declined, to say whatever else he wished. Given these circumstances, the failure to make a motion under CPL 190.50 is readily understandable. Nor do we find a reversal of his conviction necessary by reason of, among other things, the irregular communication had between defendant and his counsel and the failure of counsel to make various pretrial motions, or to utilize county funds

allotted for retention of a medical expert. However grave these complaints may appear at first glance, a reading of the record convinces us that meaningful representation was indeed provided. Defense counsel, obviously experienced in the trial of criminal matters, vigorously cross-examined the prosecution's witnesses, made pertinent objections, when appropriate, to the admissibility of evidence, demonstrated a thorough working knowledge of the applicable criminal law and procedure, and delivered a more than satisfactory summation in a case where the circumstantial proof of guilt was formidable.[*] It is also contended that defendant's case was gravely harmed by the improper acceptance into evidence of photographs of the child taken at the time she was brought to the hospital and following the autopsy. As to the former, the examining physician's testimony that they were a fair and accurate representation of the child as he first saw her furnished a proper foundation for their admission (*Isler v Starke,* 18 AD2d 1027, 1028). The fact that the colors in these photographs had a "slightly more blue cast" than the actual colors did not render them inadmissible. The jury was made aware of this difference and, more importantly, the photographs were received not with the aim of determining the age of the bruises, but rather their location and number, and in this respect the photographs were fair and accurate in what they portrayed. Objection to the colored postautopsy photograph, which is undeniably gruesome, centers on its allegedly inflammatory and unduly prejudicial impact upon the jury. Photographs of this character are to be excluded if their sole design is to arouse the jury's emotions; however, when they "illustrate or elucidate other relevant evidence", they are admissible (*People v Pobliner,* 32 NY2d 356, 369, cert den 416 US 905; *People v Mosher,* 81 AD2d 684, 685). This photograph, depicting the child's scalp peeled back to the skull, was essential to show both the nature and extent of Jessica's injuries. There was medical testimony that such deep bruises — the bruises to the head extended through the full thickness of the scalp — most of which were one to three days old, evidenced intentional repetitive blows of considerable force. This evidence directly contravened the defense of accidental injuries proffered by defendant. Furthermore, this photograph was crucial proof that defendant acted with depraved indifference to human life (*People v McNeeley,* 77 AD2d 205, 211), an essential element of second degree murder (Penal Law, § 125.25, subd 2); hence, its admission into evidence was fully justified. Nor do we find error in the charge. The failure of the court to include in its charge the words "to a moral certainty" does not constitute reversible error inasmuch as the charge adequately informed the jury as to the requisite burden of proof in a circumstantial evidence case (*People v Gonzalez,* 54 NY2d 729). Moreover, the propriety of the charge as given is further supported by the fact that the case against defendant is not wholly circumstantial. As already observed, defendant in his testimony before the Grand Jury acknowledged striking the child. Finally, considering the heinous nature of the crime, defendant's criminal history and his antisocial behavior, the sentence imposed was neither harsh nor excessive. We have examined defendant's other arguments and find them to be without substance. Judgment affirmed; motion by defendant to add material to the record on appeal denied. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.

---

[*] Defendant's belated motion to add to the record on appeal material allegedly supportive of his claim of ineffective assistance of counsel has been considered and is hereby denied.