THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DILAURA, Appellant
 Memorandum: Defendant moved to dismiss the indictment on the basis of an 18-month preindictment delay. The court denied the motion without a hearing. In its memorandum decision, the court wrote that defendant "has no constitutional right (absent arrest) to be indicted at his convenience." While that may be true, albeit irrelevant, it is obvious that the court misperceived the applicable law in denying defendant's motion solely on the ground that the indictment was returned within the statutory period of limitation. Unreasonable preindictment delay may, in special circumstances, constitute a denial of due process of law *(see, People v Singer,* 44 NY2d 241, 252-256).

Nevertheless, we affirm. Defendant's moving papers asserted only a routine claim of prejudice and were insufficient to establish special circumstances *(see, People v Fuller,* 57 NY2d 152, 159-160).

We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, third degree, and grand larceny, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.