■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD BOLLING, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 1, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find the hearing court did not err in denying the defendant's motion to suppress the photo and lineup identifications made by Georgina Segaric and Anita Morra. Testimony at the hearing revealed that the detective who displayed the photographs and conducted the lineup never suggested that the defendant would appear in either. Furthermore, the testimony relied upon by the defendant came at the trial and should not be used in reviewing the ruling of the suppression court *(People v James,* 67 NY2d 662; *People v Wilkins,* 65 NY2d 172). In any event, even if the suggestions had been made they would not have made the identifications suggestive *(People v Rodriguez,* 64 NY2d 738; *People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764).

We find the trial court did not err in denying the defendant's motion for a mistrial after complainant Reizner identified the defendant in court notwithstanding notice of this identification was not given to the defendant pursuant to CPL 710.30. The defendant moved for suppression of this identification, a hearing was held and the motion was denied. Thus, the defendant waived the notice requirement pursuant to CPL 710.30 (3) *(see also, People v Whitaker,* 106 AD2d 594).

Upon reviewing the record we find there is sufficient proof of the authenticity of the jewelry found in the possession of the codefendant Jackson to warrant its admission *(People v McGee,* 49 NY2d 48). The infirmities concerning the number of charms sold to the general public "properly [went] to the weight of the evidence, not its admissibility" *(People v McGee,* 49 NY2d 48, 60, *supra; see also, People v White,* 40 NY2d 797).

We also find the five-month delay between the defendant's implication in the crime and his arrest did not deprive him of his due process rights, as the People showed the delay was

based on the need for further investigation and not to gain any advantage over the defendant (see, *People v Singer,* 44 NY2d 241; *People v Brown,* 130 AD2d 675, *lv denied* 70 NY2d 709; *People v Hoff,* 110 AD2d 782). Furthermore, the defendant asserted only a routine claim of prejudice which was insufficient to establish the special circumstances necessary for a showing of a deprivation of due process (see, *People v Fuller,* 57 NY2d 152; *People v DiLaura,* 124 AD2d 1048, *lv denied* 69 NY2d 826).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit or unpreserved for appellate review. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.