■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SINGLETON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 11, 1985, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his confessions.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his confessions to

the police and an Assistant District Attorney should have been suppressed because an unrelated case was pending against him at the time he confessed. The evidence adduced at the hearing established that the interrogating officer was not aware that charges were pending against the defendant. Accordingly, the officer cannot be charged with knowledge thereof. Nor, under the circumstances, was the officer under a duty to inquire into whether defendant was represented by counsel (see, People v Bertolo, 65 NY2d 111, 118-120; People v Fuschino, 59 NY2d 91; People v Servidio, 54 NY2d 951).

We find that the defendant's confessions, as well as his being observed by witnesses near the scene at the approximate time of the commission of the crime, provided ample corroboration of the accomplice's testimony (see, People v Burgin, 40 NY2d 953; People v Harris, 126 AD2d 745, lv denied 69 NY2d 1004).

Under the totality of the circumstances, we find that the defendant was afforded meaningful representation of counsel (see, People v Baldi, 54 NY2d 137).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find that they are either unpreserved for appellate review or without merit. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.