■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA BARREIRO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman,

J.), rendered July 8, 1987, convicting her of criminal possession of a weapon in the third degree, tampering with physical evidence, and hindering prosecution in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of February 11, 1985, while the defendant, her boyfriend Louis DeGeorge, and her sister Cynthia Cassano were drinking in a bar in Lynbrook, Gary Campbell entered and intruded into their conversation. Campbell, who was intoxicated, became increasingly obnoxious, and a shoving match ensued between him and DeGeorge. As the struggle intensified, DeGeorge drew his .38 caliber handgun from his shoulder holster and shot Campbell in the neck, rendering him quadriplegic.

On appeal the defendant contends that the evidence was insufficient to establish her guilt of the three crimes of which she was convicted, that the introduction of the videotaped testimony of Gary Campbell was so prejudicial as to outweigh its probative value and that the sentence imposed was excessive. The defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The People established that the defendant had no permit for the loaded gun. However, the defendant took the gun while she was in neither her home nor her place of business, wiped it clean of fingerprints, and concealed it in her sister's apartment after she had witnessed the use of the gun in a crime. In addition, the credible evidence established that the defendant tried to mislead the police as to the identity of Campbell's attacker, attempted to prevent her sister from disclosing the weapon's hiding place to the authorities, and told the police nothing about the gun until after it had already been recovered. As the jury properly found, the defendant's possession of the weapon was neither innocent nor so transitory as to excuse her from penal sanctions.

There is also no merit to the defendant's argument that the showing of the videotape of Gary Campbell's testimony was unduly prejudicial. The proffered evidence was of significant probative value in overcoming the defendant's account that the shooting was accidental (People v Sims, 110 AD2d 214, lv

*denied* 67 NY2d 657); and it was necessary to establish the underlying class C felony, assault in the first degree, committed by DeGeorge, without which the defendant's guilt of hindering the prosecution in the second degree could not have been proven *(People v Millson,* 93 AD2d 899; *cf., People v Clough,* 43 AD2d 451).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Harwood, JJ., concur.