■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLLIE GENTRY, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Di Noto, J.), both rendered September 2, 1986, convicting him of robbery in

the first degree under indictment No. 61137, and grand larceny in the third degree under indictment No. 57871, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Thorp, J.), of that branch of the defendant's omnibus motion made under indictment No. 61137 which was to suppress oral statements made by him to the police.

Ordered that the judgments are affirmed.

The defendant contends, *inter alia,* that the hearing court erred in denying that branch of his omnibus motion which was to suppress certain statements made by him to the police. Relying on *People v Bartolomeo* (53 NY2d 225), the defendant argues that his waiver of his right to counsel was ineffective since the police were chargeable with constructive knowledge of his alleged representation by counsel on an unrelated, pending charge. We disagree.

The Court of Appeals has recently overruled the *Bartolomeo* decision, concluding that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights in the absence of counsel with regard to new, unrelated charges *(see, People v Bing,* 76 NY2d 331). Accordingly, defendant's right to counsel contention is lacking in merit.

Finally, the defendant's contention that his statements were otherwise involuntarily obtained is similarly lacking in merit. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.