■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD McEACHERN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered October 19, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Prior to the defendant's arrest, the police officer assigned to the instant case had obtained information concerning the defendant's arrest on unrelated charges on June 26, 1987. No further inquiry was made with respect to the defendant's legal representation on the unrelated charges before he was questioned with respect to this case.

Relying on *People v Bartolomeo* (53 NY2d 225), the defendant contends that the trial court erred in admitting his statements to law enforcement authorities, which were made in the absence of counsel, because the investigating officer had a duty to inquire whether the defendant had representation on the outstanding charges, and was chargeable with the knowledge of what such an inquiry would have disclosed. The Court of Appeals has recently overruled the *Bartolomeo* decision, concluding that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights, in the absence of counsel, with regard to new, unrelated charges *(see, People v Bing,* 76 NY2d 331; *see also, People v Goodman,* 166 AD2d 541; *People v Gentry,* 165 AD2d 833). Accordingly, the hearing court properly denied suppression of the statements of this defendant who, even after twice being read his *Miranda* warnings, failed to invoke his right to counsel.

A review of the record indicates that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.