■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR WEEKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Uviller, J.), rendered February 4, 1985, convicting him of murder in the second degree (four counts) and sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We find that the hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress his January 27, 1982, statement to law enforcement officials. The evidence adduced at the hearing established that the defendant was not in custody when he was questioned on that date (see, People v Centano, 76 NY2d 837; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). Furthermore, the testimony relied on by the defendant came at the trial and should not be used in reviewing the ruling of the suppression court (see, People v Bolling, 142 AD2d 733).

Relying on People v Bartolomeo (53 NY2d 225), the defendant contends that his statements to law enforcement officials on October 27, 1983, which were made in the absence of counsel, should also have been suppressed because the police were in possession of information concerning the existence of a pending, seven-year-old unrelated case on which he may have had counsel. The Court of Appeals has recently overruled the Bartolomeo decision, concluding that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights, in the absence of counsel, with regard to new, unrelated charges (People v Bing, 76 NY2d 331; see, People v McEachern, 166 AD2d 614). Accordingly, the hearing court properly denied suppression of the October 27, 1983, statements of this defendant who, after being fully advised of his Miranda rights, knowingly and intelligently waived them.

We find that the defendant's statements, as well as his being observed by a witness in the presence of accomplices during the planning stages and again near the scene at the approximate time of the commission of the crime, provided ample corroboration of the accomplice's testimony (see, People

*v Burgin,* 40 NY2d 953; *People v Singleton,* 144 AD2d 504; *People v Barone,* 109 AD2d 1075).

A review of the record indicates that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions found in his supplemental *pro se* brief are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or do not warrant reversal. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.