(July 27, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE O. RODRIGUEZ, Appellant. [711 NYS2d 865] —Carpinello, J. Appeal from a judgment of the Supreme Court (Mathews, J.), rendered February 17, 1998 in Broome County, upon a verdict convicting defendant of the crimes of conspiracy in the second degree, criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree (five counts) and criminal possession of a controlled substance in the third degree (five counts).

Following an unsuccessful motion to suppress certain eavesdropping evidence obtained by the Attorney General's Organized Crime Task Force during its investigation of a cocaine distribution operation, defendant was convicted after trial of conspiring with nine others to commit the crimes of criminal sale and criminal possession of a controlled substance. Defendant was also convicted of two counts of criminal sale of a controlled substance in the first degree, five counts of criminal possession of a controlled substance in the first degree and five counts of criminal possession of a controlled substance in the third degree. Sentenced as a second felony offender to an aggregate prison term of 50 years to life, defendant appeals. Finding none of defendant's contentions advanced on appeal to be meritorious, we affirm.

Defendant's principal argument is that there was not legally

sufficient evidence to support his conspiracy conviction. Specifically, he argues that he was merely an occasional supplier with no stake in any large-scale distribution organization, that he had no knowledge of the details of the distribution chain and that he had made no agreement to participate in any conspiracy. Upon our review of record, there was ample evidence from which the jury could rationally infer that defendant had knowledge of and agreed to participate in a conspiracy to distribute cocaine (*see, People v Brooks*, 268 AD2d 889, *lv denied* 95 NY2d 794).

The evidence at trial revealed that defendant regularly supplied vast amounts of cocaine to an organization in New York headed by James Pope who, in turn, distributed same for resale in various parts of the United States. Initially these transactions took place in Puerto Rico, where defendant resided. Later, after various of Pope's couriers were arrested while attempting to bring the drugs into this country, defendant personally transported the cocaine to New York City where he would meet with Pope or his agents.

Notably, Pope testified that during a six-month period in 1996, he purchased cocaine from defendant on several occasions for the purpose of distributing same. These amounts ranged from three to 21 kilograms, with some sales having been consummated after nearly $315,000 in cash was paid to defendant. Many witnesses confirmed the details surrounding the continuing transactions between defendant and Pope— including the sizeable amounts of cocaine and money being exchanged—as well as Pope's subsequent distribution of the drugs. Recorded telephone conversations further established the details of these transactions, revealing that defendant dealt with numerous members of Pope's New York organization in order to arrange and consummate the sales and that defendant had conversations with Pope specifically concerning the Michigan component of the distribution network.

As aptly noted by this Court in *People v Brooks* (*supra*), " 'one who deals in large quantities of narcotics may be presumed to know that he is a part of a venture which extends beyond his individual participation' " (*id.*, at 890, quoting *United States v Magnano*, 543 F2d 431, 434, *cert denied* 429 US 1091). Here, the evidence clearly establishes that defendant knew, or at the very least had reason to know, that others "were involved in a broad project for the retail sale of narcotics and had reason to believe that his * * * own benefits derived from the operation probably were dependent upon the success of the entire venture" (*id.*, at 890). Viewing the evidence in a light most

favorable to the People, we find that there is a valid line of reasoning and permissible inferences which could lead the jury to rationally conclude that the People established each element of all crimes charged beyond a reasonable doubt, particularly the crime of conspiracy in the second degree (*see, People v Bleakley*, 69 NY2d 490, 495). Likewise, upon the exercise of our factual review power (*see*, CPL 470.15 [5]; *see also, People v Bleakley, supra*), we find that the verdict on all counts is not against the weight of the evidence.

Finally, the affidavits submitted in support of the eavesdropping warrant sufficiently demonstrated the nature and progress of the investigation, as well as the difficulties of employing conventional investigative methods to obtain evidence, such that defendant's motion to suppress was properly denied (*see*, CPL 700.20 [2] [d]; *see also, People v Brown*, 233 AD2d 764, 765, *lv denied* 89 NY2d 1009). We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.