THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CRAIG AUSTIN, JAREZ BARNEZ, LYDELL BRYANT, DITRELL DAVIS, Also Known as DITRELL GAINEY, HASSAN DENTON, CHARLES ENRICO, WARREN FAISON, BOYCE HAYWARD, RUDOLPH JAVARIS, CHAMELL JOHNSON, AKIEM MALONE, JAMAR MILLER, JAMES MURRAY, DONALD NESBIT, JAMES OPHARROW, TRAVEN PEARSALL, COREY PHILLIPS, RASHAWN RAMPERSANT, MELIEK SANDERS, CASEY SCOTT, MICHAEL SIMMS and GLENN WARREN, Respondents, et al., Defendants. [780 NYS2d 23]—

Appeals by the People (1) from an order of the Supreme Court, Kings County (Gerges, J.), dated June 20, 2003, which granted that branch of the respondents' omnibus motion which was to dismiss the first count of the indictment charging the respondents with conspiracy in the first degree, and (2), as limited by their brief, from so much of an order of the same court dated November 5, 2003, as, upon reargument, adhered to the prior determination in the order dated June 20, 2003, and granted that branch of the respondents' omnibus motion which was to dismiss the 66 counts of the indictment charging the respondents with criminal sale of a controlled substance in or near school grounds.

Ordered that the appeal from the order dated June 20, 2003, is dismissed, as that order was superseded by the order dated November 5, 2003, made upon reargument; and it is further,

Ordered that the order dated November 5, 2003, is reversed insofar as appealed from, on the law, the order dated June 20, 2003, is vacated, those branches of the respondents' omnibus motion which were to dismiss the first count of the indictment charging conspiracy in the first degree and the 66 counts of the indictment charging criminal sale of a controlled substance in or near school grounds are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Between June 21, 2001, and January 22, 2003, 27 defendants allegedly entered into an agreement with each other and two juveniles to sell crack cocaine in a Brooklyn housing project. Twenty-four of the defendants were each charged under the same indictment with one count of conspiracy in the first degree (see Penal Law § 105.17). All 27 of the defendants were charged under the 178-count indictment with conspiracy in the second degree (see Penal Law § 105.15) and, inter alia, 66 counts of criminal sale of a controlled substance in or near school grounds. Five of the defendants entered pleas of guilty to various charges prior to June 20, 2003.

The Supreme Court granted that branch of the respondents' omnibus motion which was to dismiss the first count charging conspiracy in the first degree (*see* Penal Law § 105.17). The Supreme Court determined that a violation of section 105.17 of the Penal Law required that "the juvenile must either actively commit an A felony pursuant to the conspiracy or the juvenile must cause another to commit an A felony." The Supreme Court also dismissed the 66 counts charging criminal sale of a controlled substance in or near school grounds on the basis that, at the grand jury proceeding, the Assistant District Attorney asked leading questions regarding whether the sale locations were within 1,000 feet of a school. After striking that testimony, the Supreme Court determined that there was legally insufficient evidence regarding criminal sale of a controlled substance in or near school grounds. We reverse.

Conspiracy in the first degree is defined as follows:

"A person is guilty of conspiracy in the first degree when, with intent that conduct constituting a class A felony be performed, he [or she], being over eighteen years of age, agrees with one or more persons under sixteen years of age to engage in or cause the performance of such conduct" (Penal Law § 105.17).

The core of conspiracy is an illicit agreement (*see People v Berkowitz,* 50 NY2d 333, 343 [1980]). In order to be convicted of conspiracy, an overt act must be alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy (*see* Penal Law § 105.20). "Once an illicit agreement is shown, the overt act of any conspirator may be attributed to other conspirators to establish the offense of conspiracy . . . and that act may be the object crime" (*People v McGee,* 49 NY2d 48, 57 [1979], *cert denied sub nom. Waters v New York,* 446 US 942 [1980]). The overt act merely provides corroboration of the existence of the agreement (*see People v McGee, supra* at 58). Contrary to the Supreme Court's determination, the purpose and intent of the statute is clear from its language, and conspiracy in the first degree applies to any agreement between an adult and a juvenile to commit or cause the commission of a class A felony, regardless of the age of the person who is to commit or cause the commission of the class A felony.

Pursuant to the New York State Assembly memorandum in support of this legislation, the purpose of the statute was "[t]o raise the penalties for adults who commit criminal facilitation, solicitation, or conspiracy by involving juveniles." Therefore, conspiracy in the first degree must be read in conjunction with the entire statutory scheme for conspiracy, which is divided into

six degrees (*see* Penal Law §§ 105.00, 105.05, 105.10, 105.13, 105.15, 105.17). A review of these laws reveals that the Legislature clearly intended to punish more severely those adults who conspired with juveniles since the statutory scheme increases the penalty by one degree when a juvenile is involved (*see* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 105). Thus, the age factor does not require that the juvenile be the person to engage in or cause the performance of the object crime. With this in mind, we conclude that the evidence adduced before the grand jury was legally sufficient to establish that the respondents and the two juveniles made an agreement to sell crack cocaine with the intent to sell over one-half ounce, and that the sales that took place constituted overt acts committed in furtherance of the conspiracy.

The Supreme Court also improperly determined that the evidence was legally insufficient to establish the counts of the indictment charging criminal sale of a controlled substance in or near school grounds. Penal Law § 220.44 provides that it is a class B felony to sell drugs upon "school grounds," which encompasses school property as well as "any area accessible to the public located within one thousand feet of the real property boundary line comprising any such school" (Penal Law § 220.00 [14] [b]). The prosecutor's questions before the grand jury on this issue did not render the evidence incompetent and thus, the questions were not fatal to those counts of the indictment (*see People v Swamp,* 84 NY2d 725, 730 [1995]; *People v Brewster,* 100 AD2d 134, 136, 137 [1984], *affd* 63 NY2d 419 [1984]). Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur. [*See* 2 Misc 3d 431.]