■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM EMBUREY, Respondent. [878 NYS2d 169]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated November 14, 2007, as, upon reargument, adhered to its original determination in an order dated August 20, 2007, granting that branch of the defendant's pretrial omnibus motion which was to dismiss the 4th, 5th, 16th, 17th, and 18th counts of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order dated November 14, 2007, is modified, on the law, by deleting the provision thereof adhering to so much of the original determination in the order dated August 20, 2007, as granted that branch of the defendant's pretrial omnibus motion which was to dismiss the 4th, 5th, 17th, and 18th counts of the indictment insofar as charged against him, and substituting therefor a provision upon reargument vacating that portion of the original determination and denying that branch of the defendant's pretrial omnibus motion; as so modified, the order dated November 14, 2007, is affirmed insofar as appealed from, and the 4th, 5th, 17th, and 18th counts of the indictment insofar as charged against the defendant are reinstated.

The evidence presented to the grand jury was legally sufficient to establish that the defendant evinced a depraved indifference to human life and recklessly engaged in conduct which created a grave risk of death to another person (*see* Penal Law §§ 120.25, 15.10; *People v Galatro*, 84 NY2d 160 [1994]; *People v Woodruff*, 4 AD3d 770 [2004]; *People v Miranda*, 204 AD2d 575

[1994]). Additionally, there was sufficient evidence to corroborate the incriminating testimony of the defendant's accomplice (*see People v Burgin*, 40 NY2d 953, 954 [1976]; *People v Weeks*, 176 AD2d 836 [1991]; *People v Higgins*, 170 AD2d 621 [1991]; *People v Singleton*, 144 AD2d 504 [1988]). Therefore, the Supreme Court erred in adhering to its original determination insofar as it dismissed the 4th count of the indictment charging the defendant with reckless endangerment in the first degree. The County Court also erred in dismissing the 5th count of the indictment charging the defendant with hindering prosecution in the second degree (*see People v Williams*, 20 AD3d 72 [2005]; *People v Barreiro*, 149 AD2d 600 [1989]). Further, the County Court erred in dismissing the 17th and 18th counts of the indictment, both of which charged the defendant with official misconduct (*see* Penal Law § 195.00 [2]).

However, the County Court properly adhered to its original determination granting that branch of the defendant's motion which was to dismiss the16th count of the indictment charging conspiracy in the fifth degree. There was no evidence that the defendant conspired with other police officers in making the decision to withhold from paramedics the information that the injured individual in the police headquarters had suffered blunt force trauma to the head and abdomen while in police custody (*see People v Giordano*, 211 AD2d 814, 816-817 [1995]). Spolzino, J.P., Florio, Miller and Eng, JJ., concur.