■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CAREY ACKIES et al., Defendants, and RASHEEM BLACKMAN et al., Respondents. [914 NYS2d 211]—

Appeals by the People, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Chun, J.), dated February 24, 2009, as, upon reargument, adhered to the original determination in an order dated April 30, 2008, granting those branches of the motion of the defendant Rasheem Blackman which were to dismiss counts 3, 4, 15, and 16 of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient, (2) an order of the same court dated January 5, 2009, as, upon reargument, adhered to the original determination in an order dated April 8, 2008, granting those branches of the motion of the defendant Sherron Bullock which were to dismiss counts 1, 2, 5, and 6 of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient, (3) an order of the same court dated January 6, 2009, as, upon reargument, adhered to the original determination in a second order dated April 8, 2008, granting those branches of the motion of the defendant Jaquan Crawford which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against him and granting those branches of his motion which were to dismiss counts 3, 4, 15, and 16 insofar as charged against him to the extent of reducing those counts from conspiracy in the second degree to conspiracy in the fourth degree on the ground that the evidence presented to the grand jury was legally insufficient, (4) a second order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in an order dated April 14, 2008, in effect, granting those branches of the motion of the defendant Sandy Figueroa which were to dismiss counts 1, 2, 5, and 6 of the indictment insofar as charged against her and granting those branches of her motion which were to dismiss counts 3, 4, 7, and 8 insofar as charged against her to the extent of reducing those counts from conspiracy in the second degree to conspiracy in the fourth degree on the ground that the evidence presented to the grand jury was legally insufficient, (5) a third order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in an amended order dated April 22, 2008, granting those branches of the motion of the defendant Rayvon Folk which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient, (6) a fourth order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in a third order dated April 8, 2008, granting those branches of the motion of the defendant Tyriek

Hankins which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against him and granting those branches of his motion which were to dismiss counts 3, 4, 15, and 16 insofar as charged against him to the extent of reducing those counts from conspiracy in the second degree to conspiracy in the fourth degree on the ground that the evidence presented to the grand jury was legally insufficient, (7) a fifth order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in a second order dated April 14, 2008, granting those branches of the motion of the defendant Jameke Howard which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient, (8) a sixth order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in a third order dated April 14, 2008, granting those branches of the motion of the defendant Leslie McFarland which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against her on the ground that the evidence presented to the grand jury was legally insufficient, (9) a seventh order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in a fourth order dated April 14, 2008, granting those branches of the motion of the defendant Nora Mouzon, also known as Nora Hunter, which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against her on the ground that the evidence presented to the grand jury was legally insufficient, and (10) an eighth order of the same court, also dated January 6, 2009, as, upon reargument, adhered to the original determination in an order dated April 15, 2008, granting those branches of the motion of the defendant Isiah Sadler which were to dismiss counts 1, 2, 13, and 14 of the indictment insofar as charged against him on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order dated February 24, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 5, 2009, is reversed insofar as appealed from, on the law, upon reargument, the determination in the first order dated April 8, 2008, granting those branches of the motion of the defendant Sherron Bullock which were to dismiss counts 1, 2, 5, and 6 of the indictment insofar as charged against him is vacated, those branches of the motion are denied, counts 1, 2, 5, and 6 insofar as charged against the defendant Sherron Bullock are reinstated, and the matter is remitted to the Supreme Court, Kings County, for fur-

ther proceedings on those counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the first order dated January 6, 2009, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to the original determination in the second order dated April 8, 2008, granting those branches of the motion of the defendant Jaquan Crawford which were to dismiss counts 1 and 2 of the indictment insofar as charged against him and granting those branches of his motion which were to dismiss counts 3, 4, 15, and 16 insofar as charged against him to the extent of reducing those counts from conspiracy in the second degree to conspiracy in the fourth degree, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the first order dated January 6, 2009, is affirmed insofar as appealed from, counts 1, 2, 3, 4, 15, and 16 insofar as charged against the defendant Jaquan Crawford are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the second order dated January 6, 2009, is reversed insofar as appealed from, on the law, upon reargument, the determination in the first order dated April 14, 2008, granting those branches of the motion of the defendant Sandy Figueroa which were to dismiss counts 1, 2, 5, and 6 of the indictment insofar as charged against her and granting those branches of her motion which were to dismiss counts 3, 4, 7, and 8 insofar as charged against her to the extent of reducing those counts from conspiracy in the second degree to conspiracy in the fourth degree is vacated, those branches of the motion are denied, counts 1, 2, 3, 4, 5, 6, 7, and 8 insofar as charged against the defendant Sandy Figueroa are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on these counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the third order dated January 6, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the amended order dated April 22, 2008, granting those branches of the motion of the defendant Rayvon Folk which were to dismiss counts 1 and 2 of the indictment insofar as charged against him, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the third order dated January 6, 2009, is affirmed insofar as appealed from, counts 1 and 2 insofar as

charged against the defendant Rayvon Folk are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the fourth order dated January 6, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the third order dated April 8, 2008, granting those branches of the motion of the defendant Tyriek Hankins which were to dismiss counts 1 and 2 of the indictment insofar as charged against him and to dismiss counts 3, 4, 15, and 16 of the indictment insofar as charged against him to the extent of reducing those counts insofar as charged against him from conspiracy in the second degree to conspiracy in the fourth degree, and substituting therefor provisions, upon reargument, vacating that determination, and denying those branches of the motion which were to dismiss counts 15 and 16 insofar as charged against the defendant Tyriek Hankins; as so modified, the fourth order dated January 6, 2009, is affirmed insofar as appealed from, counts 15 and 16 insofar as charged against the defendant Tyriek Hankins are reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new determination of those branches of the motion of the defendant Tyriek Hankins which were to dismiss counts 1, 2, 3, and 4 of the indictment insofar as charged against that defendant following a review by the Supreme Court of the grand jury minutes with respect to the issue of whether at least 12 grand jurors voted to indict that defendant on those counts (*see* CPL 190.25 [1]), and thereafter for further proceedings on counts 15 and 16 of the indictment insofar as charged against that defendant; and it is further,

Ordered that the fifth order dated January 6, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the second order dated April 14, 2008, granting those branches of the motion of the defendant Jameke Howard which were to dismiss counts 1 and 2 of the indictment insofar as charged against him, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the fifth order dated January 6, 2009, is affirmed insofar as appealed from, counts 1 and 2 insofar as charged against the defendant Jameke Howard are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the sixth order dated January 6, 2009, is modi-

fied, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the third order dated April 14, 2008, granting those branches of the motion of the defendant Leslie McFarland which were to dismiss counts 1 and 2 of the indictment insofar as charged against her, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the sixth order dated January 6, 2009, is affirmed insofar as appealed from, counts 1 and 2 insofar as charged against the defendant Leslie McFarland are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as charged against that defendant; and it is further,

Ordered that the seventh order dated January 6, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the fourth order dated April 14, 2008, granting those branches of the motion of the defendant Nora Mouzon, also known as Nora Hunter, which were to dismiss counts 1 and 2 of the indictment insofar as charged against her, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the seventh order dated January 6, 2009, is affirmed insofar as appealed from, counts 1 and 2 insofar as charged against the defendant Nora Mouzon, also known as Nora Hunter, are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as asserted against that defendant; and it is further,

Ordered that the eighth order dated January 6, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the order dated April 15, 2008, granting those branches of the motion of the defendant Isiah Sadler which were to dismiss counts 1 and 2 of the indictment insofar as charged against him, and substituting therefor a provision, upon reargument, vacating that determination and denying those branches of the motion; as so modified, the eighth order dated January 6, 2009, is affirmed insofar as appealed from, counts 1 and 2 insofar as charged against the defendant Isiah Sadler are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on those counts of the indictment insofar as charged against that defendant.

In reviewing the sufficiency of the evidence before a grand jury, a court must consider "whether the evidence viewed in the light most favorable to the People, if unexplained and uncontra-

dicted, would warrant conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114 [1986]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt" (*People v Boampong*, 57 AD3d 794, 795 [2008]; *see* CPL 70.10 [1]; *People v Bello*, 92 NY2d 523, 525 [1998]). In the context of a grand jury proceeding, "legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello*, 92 NY2d at 526).

To establish a defendant's guilt of conspiracy, the evidence must prove that, with the intent that the object crime be committed, the defendant agreed with one or more people to engage in or cause the commission of the object crime, and that one of the conspirators committed an overt act in furtherance of the conspiracy (*see People v Arroyo*, 93 NY2d 990, 991 [1999]; *People v Austin*, 9 AD3d 369, 371 [2004]; *People v Harris*, 288 AD2d 610, 617-618 [2001]). The illicit agreement to cause the commission of the object crime may be inferred from circumstantial evidence (*see People v Rodriguez*, 274 AD2d 826, 827 [2000]; *People v Giordano*, 211 AD2d 814, 816 [1995], *affd* 87 NY2d 441 [1995]), and the overt act, which need not be the object crime, provides corroboration of the existence of the agreement (*see People v McGee*, 49 NY2d 48, 57-58 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]; *People v Austin*, 9 AD3d at 371). Proof of a defendant's knowledge of the identities and specific acts of all his coconspirators is not necessary where the circumstantial evidence establishes the defendant's knowledge that he is part of a criminal venture which extends beyond his individual participation (*see People v Riggins*, 28 AD3d 934, 935 [2006]; *People v Brooks*, 268 AD2d 889, 890 [2000]).

In the indictment under review here, the defendant Rasheem Blackman was charged with, inter alia, four counts of conspiracy in the second degree (Penal Law § 105.15). Counts 3 and 15 allege two distinct conspiracies, each premised upon the object crime of criminal sale of a controlled substance in the first degree (Penal Law § 220.43), and counts 4 and 16, relating to the same conspiracies, are premised upon the object crime of criminal possession of a controlled substance in the second degree (Penal Law § 220.18). Contrary to the People's contention, the Supreme Court properly dismissed counts 3, 4, 15, and 16 insofar as charged against Blackman because the evidence was legally insufficient to establish his participation in those conspiracies and his commission of each element of those crimes

as charged (*see* CPL 210.20 [1] [b]; *People v Emburey*, 61 AD3d 990, 991 [2009]).

The Supreme Court also properly dismissed counts 13 and 14 of the indictment insofar as charged against the defendants Jaquan Crawford, Rayvon Folk, Tyriek Hankins, Jameke Howard, Leslie McFarland, Nora Mouzon, also known as Nora Hunter (hereinafter Mouzon), and Isiah Sadler. Those counts charged the crime of conspiracy in the first degree, predicated upon allegations that these defendants, while being over the age of 18, unlawfully conspired with Blackman, while he was under the age of 16 (Penal Law § 105.17). Although the evidence before the grand jury established that the conspiracy commenced in October 2005 when Blackman was still 15, the evidence was legally insufficient to demonstrate that Blackman participated in the alleged conspiracy prior to his sixteenth birthday on November 18, 2005 (*see* CPL 210.20 [1] [b]; *People v Emburey*, 61 AD3d 990 [2009]; *cf. People v Austin*, 9 AD3d at 371-372).

Apart from the charges of conspiracy in the first degree alleged in counts 13 and 14, the indictment alleged two distinct charges of conspiracy in the first degree in counts 1 and 2 and in counts 5 and 6, predicated upon alleged agreements between certain defendants over the age of 18 with an underage individual or individuals other than Blackman. The Supreme Court dismissed these counts with respect to the defendants Sherron Bullock, Crawford, Sandy Figueroa, Folk, Hankins, Howard, McFarland, Mouzon, and Sadler on the ground of legally insufficient evidence. The Supreme Court should not have dismissed counts 1 and 2 insofar as charged against Bullock, Crawford, Figueroa, Folk, Howard, McFarland, Mouzon, and Sadler, or counts 5 and 6 insofar as charged against Bullock and Figueroa. Contrary to the Supreme Court's conclusion, the grand jury evidence was legally sufficient to establish that, during the course of the respective conspiracies, these defendants, while being over the age of 18, unlawfully conspired with individuals, other than Blackman, who were under the age of 16. Accordingly, the Supreme Court erred in dismissing these counts insofar as charged against these defendants (*see* CPL 70.10 [1]; Penal Law § 105.17; *People v Austin*, 9 AD3d at 371-372; *People v Riggins*, 28 AD3d at 935; *People v Brooks*, 268 AD2d at 890). Although the Supreme Court should not have dismissed counts 1 and 2 of the indictment insofar as charged against Hankins on the ground of legally insufficient evidence, and notwithstanding our conclusion that that determination must accordingly be vacated, we remit the matter to the Supreme Court, Kings County, for a new determination of those branches of Hankins's motion which

were to dismiss those counts of the indictment insofar as charged against him, following a review by the Supreme Court of the grand jury minutes with respect to the issue of whether at least 12 grand jurors voted to indict Hankins on those counts (*see* CPL 190.25 [1]; *see also* NY Const, art I, § 6; *People v Green*, 96 NY2d 195, 199-200 [2001]; *People v Pelchat*, 62 NY2d 97, 105 [1984]).

The Supreme Court reduced counts 3 and 4 insofar as charged against Figueroa, Hankins, and Crawford, counts 7 and 8 insofar as charged against Figueroa, and counts 15 and 16 insofar as charged against Crawford and Hankins, from conspiracy in the second degree to conspiracy in the fourth degree, on the ground that there was insufficient evidence that these defendants intended to sell or possess narcotics in the weights required for the commission of the class A felonies which were the object crimes of those conspiracies. In so determining, the Supreme Court improperly applied the intent element for the commission of the object crime rather than the intent element of conspiracy, which is an illicit agreement distinct from the object crime (*see People v McGee*, 49 NY2d at 57-58; *People v Austin*, 9 AD3d at 371). To be found guilty of conspiracy in the second degree, a defendant must enter into the illicit agreement "with intent that conduct constituting a class A felony be performed" (Penal Law § 105.15). Upon our review of the evidence, we find that, with respect to each alleged conspiracy, it was legally sufficient to establish that Figueroa, Crawford, and Hankins, with the intent that conduct constituting a class A felony be performed, entered into an agreement to cause the performance of such conduct, namely, criminal sale of a controlled substance in the first degree (Penal Law § 220.43), and criminal possession of a controlled substance in the second degree (Penal Law § 220.18). Accordingly, the Supreme Court erred in reducing counts 3, 4, 7, and 8 insofar as charged against Figueroa, counts 3, 4, 15, and 16 insofar as charged against Crawford, and counts 15 and 16 insofar as charged against Hankins, and those counts must be reinstated against those defendants. Although the Supreme Court should not have reduced counts 3 and 4 insofar as charged against Hankins on the ground of legally insufficient evidence, and notwithstanding our conclusion that that determination must accordingly be vacated, we remit the matter to the Supreme Court, Kings County, for a new determination of those branches of Hankins's motion which were to dismiss those counts of the indictment insofar as charged against him, following a review by the Supreme Court of the grand jury minutes with respect to the issue of whether at least 12 grand jurors voted to indict Hankins on those counts (*see* CPL 190.25 [1]; *see*

*also* NY Const, art I, § 6; *People v Green*, 96 NY2d at 199-200; *People v Pelchat*, 62 NY2d at105) Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.