Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (D’Ernie, J.), dated April 14, 2011, as, upon reargument, adhered to its determination in an order of the same court dated January 4, 2011, granting that branch of the defendant’s motion which was to dismiss count one of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.
Ordered that the order dated April 14, 2011, is reversed insofar as appealed from, on the law, upon reargument, the determination in the order dated January 4, 2011, granting that branch of the defendant’s motion which was to dismiss count one of the indictment is vacated, that branch of the defendant’s motion which was to dismiss count one of the indictment on the ground that the evidence presented to the grand jury was legally insufficient is denied, count one of the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.
The defendant was indicted for, inter alia, assault in the second degree based upon the complainant’s allegation that he threw her down a flight of stairs to the concrete landing below, injuring her. The defendant moved to dismiss this charge, contending that the evidence presented to the grand jury was insufficient in that it did not satisfy the element of the offense requiring proof of “injury ... by means of ... a dangerous instrument” (Penal Law § 120.05 [2]) because he did not employ the concrete landing as a dangerous instrument within the meaning of the statute. The Supreme Court agreed, granted that branch of the motion, and dismissed that count of the indictment. Although the Supreme Court granted leave to reargue, it adhered to that determination upon reargument. *635 The People appeal from the order made upon reargument, and we reverse that order insofar as appealed from.
“Courts assessing the sufficiency of the evidence before a grand jury must evaluate ‘whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted— and deferring all questions as to the weight or quality of the evidence — would warrant conviction’ ” (People v Mills, 1 NY3d 269, 274-275 [2003], quoting People v Carroll, 93 NY2d 564, 568 [1999]; see People v Bello, 92 NY2d 523, 525 [1998]; People v Swamp, 84 NY2d 725, 730 [1995]; People v Manini, 79 NY2d 561, 568-569 [1992]; People v Jennings, 69 NY2d 103, 114 [1986]; People v Jessup, 90 AD3d 782 [2011]; People v Ackies, 79 AD3d 1050, 1055-1056 [2010]). Legally sufficient evidence is defined as “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10 [1]; see People v Mills, 1 NY3d at 274; People v Bello, 92 NY2d at 525-526; People v Swamp, 84 NY2d at 730; People v Manini, 79 NY2d at 568; People v Ackies, 79 AD3d at 1056). “In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt” (People v Bello, 92 NY2d at 526; see People v Deegan, 69 NY2d 976, 978-979 [1987]; People v Jennings, 69 NY2d at 114). “The reviewing court’s inquiry is limited to ‘whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,’ and whether ‘the Grand Jury could rationally have drawn the guilty inference’ ” (People v Bello, 92 NY2d at 526, quoting People v Deegan, 69 NY2d at 979; see People v Ackies, 79 AD3d at 1056).
The Penal Law provides that a person commits assault in the second degree when, “[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument” (Penal Law § 120.05 [2]). It defines “[d]angerous instrument” as “any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury” (Penal Law § 10.00 [13]).
In interpreting the definition of the term “dangerous instrument,” New York courts have adopted a “use-oriented approach” (People v Carter, 53 NY2d 113, 116 [1981]). Accordingly, the Court of Appeals has explained, “any ‘instrument, article or substance’, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily *636 capable of causing serious physical injury. The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute” (id. at 116, quoting Penal Law § 10.00 [13] [citation omitted]; see People v Owusu, 93 NY2d 398, 401 [1999]).
Here, the Supreme Court properly recognized that a concrete landing may be a dangerous instrument (see People v Galvin, 65 NY2d 761, 762-763 [1985]; People v Melville, 298 AD2d 601, 601-602 [2002]). However, it reasoned that, for concrete to be a dangerous instrument, there needed to be evidence that the defendant “intended to harm the victim with [a] particular object” made from that concrete. It concluded that “[s]ince there [was] no showing that the defendant intended to possess and use the concrete for the purpose of inflicting the injuries,” the evidence supporting the charge of assault in the second degree was legally insufficient. However, the Court of Appeals’ recent interpretation of Penal Law § 120.05 (2) in People v Muhammad (17 NY3d 532 [2011]) requires us to conclude that this determination was error.
In Muhammad, the Court confronted, in two cases joined for appeal, the question of whether verdicts were legally repugnant where the defendants were acquitted of weapon possession charges, but convicted of assault charges (see People v Muhammad, 17 NY3d 532 [2011]). The Court concluded that these verdicts were not repugnant “because the former crime contains an essential element that the latter does not: possession,” explaining that a defendant could “injure the victims ‘by means of the weapons . . . without possessing those instruments” (id. at 541-542, quoting Penal Law §§ 120.05 [2]; 120.10 [1]). Furthermore, given the procedural posture of this case, the People are entitled to the favorable inference that, in allegedly throwing the victim down the stairs, the defendant intended to injure her on the concrete landing below (see People v Mills, 1 NY3d at 274; People v Carroll, 93 NY2d at 568; People v Bello, 92 NY2d at 525; People v Deegan, 69 NY2d at 979; People v Jessup, 90 AD3d at 782; People v Ackies, 79 AD3d at 1056).
We note the standards at issue on this appeal. CPL 190.65 (1) provides that “a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense . . . and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” As indicated above, CPL 70.10 (1) defines legally sufficient evidence as “competent evidence which, if accepted as true, would establish *637 every element of an offense charged and the defendant’s commission thereof.” CPL 70.10 (2) provides that “ ‘[Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
In this case, we conclude only that there was legally sufficient evidence before the grand jury to satisfy the element of assault in the second degree requiring proof of “injury ... by means of ... a dangerous instrument” (Penal Law § 120.05 [2]), and that competent and admissible evidence before the grand jury provided reasonable cause to believe that the defendant committed the offense of assault in the second degree. We emphasize that legal sufficiency in the context of a grand jury proceeding does not mean proof beyond a reasonable doubt (see People v Bello, 92 NY2d at 526). At trial, the People will have the burden of presenting evidence to establish all elements of the crimes charged beyond a reasonable doubt.
Accordingly, the Supreme Court, upon reargument, erred in adhering to its prior determination granting that branch of the defendant’s motion which was to dismiss count one of the indictment, which alleged assault in the second degree, and thereupon dismissing that count of the indictment. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.