■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUNCAN R. CAMERON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered January 16, 1984, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The complainant suffered severe facial injuries when he was struck in the face by a large glass beer pitcher wielded by the defendant. The defendant was charged, *inter alia,* with assault in the second degree in that he recklessly caused serious physical injury with a dangerous instrument (Penal Law § 120.05 [4]), and assault in the first degree in that he intended to cause serious physical injury and caused such injury by means of a dangerous instrument (Penal Law § 120.10 [1]). The defendant was acquitted of the latter count and convicted of the former. On this appeal the defendant contends that whether one accepts the People's version of the incident or his own, it is clear that both spell out an intentional act on his part and that, therefore, there is no view of the evidence that would support the elements of assault by reckless conduct. We disagree.

In *People v Green* (56 NY2d 427, 433), the Court of Appeals in discussing the various degrees of culpability, i.e., intentionally, knowingly, recklessly, with criminal negligence, stated that "the lower forms of mental culpability are necessarily subsumed within the higher mental states" since all the degrees of culpability must be inferred from the facts and circumstances and involve "fine gradations along but a single spectrum of culpability". With that in mind, and viewing the evidence in the light most favorable to the People, as we must after the jury's verdict of conviction, we conclude that it cannot be said, as a matter of law, that the jury was bound to either convict or acquit the defendant of intentional assault and that no reasonable view of the evidence supported the

jury's verdict or that the jury erred when it concluded that the defendant's conduct fell within the definition of reckless conduct as defined in Penal Law § 15.05 (3).

We have reviewed the defendant's other contentions and find them to be without merit. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.