■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MELVILLE, Appellant. [749 NYS2d 65] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered October 9, 2001, convicting him of assault in the second degree, assault in the third degree, reckless endangerment in the second degree (four counts), and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant used a portion of a cement sidewalk as a dangerous instrument (*see* Penal Law § 10.00 [13]; § 120.05 [2]). The testimony of witnesses indicated that the defendant and his accomplices not only kicked, but stomped upon the victim's head and face as he lay prone upon a cement sidewalk. Moreover, the victim's injuries included straight abrasions on the skin of his temple, indicating that his head was in contact with a straight edge consistent with a curb. The

medical testimony reflected that the fractures on each side of the victim's jaw near the jaw joint were consistent with being stomped upon. Under the circumstances, this was sufficient to establish beyond a reasonable doubt that the defendant used the cement sidewalk to exacerbate the victim's injuries (*see People v Galvin,* 104 AD2d 527; *People v Carter,* 53 NY2d 113).

The defendant's claim that the trial court improperly charged the jury on an offense involving a dangerous instrument is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, that argument is without merit because the defendant requested the trial court to charge the jury with the lesser-included offense of assault in the second degree under Penal Law § 120.05 (2), which has the use of a dangerous instrument as one of its elements. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.