*559 OPINION OF THE COURT
Michael A. Gary, J.
Factual and Procedural History
On January 1, 2013 at approximately 6:45 a.m. defendant, who had spent New Year’s Eve partying in Manhattan, was a passenger in a taxicab owned by the complainant, Key Kim. Mr. Kim drove the defendant, who was admittedly intoxicated, to Brooklyn, to Willoughby and Skillman Streets. A dispute over the fare ensued because Kim allegedly had initially taken him to the wrong address. Kim called the police on his cell phone to request assistance. The defendant paid the fare with a credit card and then left the vehicle, without signing the credit card receipt. Mr. Kim left his cab, which was parked a few feet from the curb on Skillman Street and followed the defendant, blocking his movement with arms outstretched, insisting that he sign the receipt.
Eyewitnesses testified that while they were standing on the sidewalk, the defendant punched Mr. Kim in the head once or twice. He fell backwards, “like a stick . . . Just straight back” (trial minutes, Nov. 7, 2013 at 67, lines 4-9), hitting his head on the concrete, landing face up. As a result, Mr. Kim sustained numerous skull fractures and severe brain injury. He is currently unresponsive, on life support, residing in a nursing home.
The defendant was arrested at the scene and indicted for one felony count of assault in the second degree, intent to cause serious physical injury (Penal Law § 120.05 [1]), and one felony count of assault in the second degree, recklessly causing serious physical injury by means of a dangerous instrument (Penal Law § 120.05 [4]). The People’s theory, as set forth in the indictment, was that the defendant used the sidewalk as a dangerous instrument to inflict the serious physical injury.
After both sides rested, the defendant moved for a trial order of dismissal pursuant to CPL 290.10. The court reserved decision. The jury acquitted the defendant of intentional assault, but convicted him of the reckless assault charge. The defendant renewed his motion for a trial order of dismissal, in papers filed with the court dated December 19, 2013. In the alternative, the defendant moved pursuant to CPL 330.30 (1) for an order modifying the verdict. The People’s response in opposition is dated January 17, 2014.
*560 Analysis
The defendant’s challenge to the sufficiency of the evidence regarding the count of assault in the second degree is on two grounds. First, he argues that there is no proof that he used the sidewalk as a dangerous instrument (see Penal Law § 120.05 [4]). Second, he claims that the one or two punches to the head of the victim did not demonstrate recklessness, i.e., disregard for a substantial risk of harm.
Defendant asserts that the trial testimony showed that the defendant punched the complainant, who fell, hitting his head on the sidewalk, resulting in serious physical injury. Specifically, the defendant argues, he never used the sidewalk as a dangerous instrument. The People counter that the defendant misstates the requirement of the proof at trial that the defendant had to have intentionally used the sidewalk; rather, they argue that there is no separate culpable mental state necessary for use of the dangerous instrument that causes the injury. The People claim that there was ample evidence that the defendant caused the victim to strike his head on the sidewalk, thereby producing the injuries to the victim, whether intentional or not. Thus, they maintain their proof was sufficient.
The Court of Appeals has decided whether certain innocuous objects can be transformed into a “dangerous instrument” for purposes of the statute (Penal Law § 10.00 [13]).[1] In People v Carter (53 NY2d 113 [1981]) the Court (in analyzing whether boots could be a dangerous instrument) instructed: “[A]ny ‘instrument, article or substance’, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury.” (Carter at 116.) Specifically noted is the distinguishing factor of actually using the instrumentality. In this case, the defendant maintains that the victim’s falling on the sidewalk, as opposed to, for example, a patch of grass, was a happenstance; in no way did he employ it for dangerous purposes.
Several cases support the proposition that indeed a sidewalk can function as a dangerous instrument, used by the actor to cause injury and harm. People v Galvin (65 NY2d 761 [1985]) is illustrative. There, the defendant was atop the victim, holding *561 the latter’s head with both hands and striking it against the sidewalk. The Court of Appeals held that this evidence demonstrated that the sidewalk was affirmatively used as a dangerous instrument. In People v Petrosino (299 AD2d 851 [4th Dept 2002], lv denied 99 NY2d 618 [2003]) the defendant threw the victim onto the pavement of a parking lot. In People v Warren (98 AD3d 634 [2d Dept 2012]) the defendant used a dangerous instrument when he deliberately threw the victim down a flight of stairs to strike the concrete landing. In each of those cases, the evidence reflected awareness by the defendant and purposeful conduct to use the concrete nature of a sidewalk or stairway to cause the injury to the victim.
In opposition, the People proffer People v Mableton (17 AD3d 383 [2d Dept 2005], lv denied 4 NY3d 888 [2005]), a reckless assault conviction where the dangerous instrument was a bathtub full of hot water, used to scald a child. The People wish to equate the seemingly passive use of the tub full of water to that of the use of the sidewalk in this case. However, the People overlook the fact that the defendant in Mableton affirmatively used the scalding water when he himself filled the tub. This was clearly “use of an instrumentality” as contemplated by the Court in Carter. If the People’s interpretation of “use” of a dangerous instrument were correct, then every instance where a victim is simply punched and consequently falls onto a New York City street and suffers physical or serious physical injury as a result could constitute intentional or reckless assault as a felony. Clearly, this is not what the legislature contemplated when it defined a “dangerous instrument.”
In sum, this court finds that Mr. Kim’s grievous injuries do not substitute for the absence of evidence that the defendant was aware of and used the sidewalk as a dangerous instrument. Only a purposeful use or employment of an instrumentality can satisfy the statutory definition.
The defendant also challenges the sufficiency of the People’s proof of recklessness, as defined in Penal Law § 15.05 (3).[2] However, the court finds, as the People assert, there was ample *562 evidence that the defendant’s actions, especially in an intoxicated condition, in punching the unsuspecting victim about the head disregarded the risk that he would fall and be injured.
Conclusion
In determining the motion for a trial order of dismissal, the inquiry is whether the trial evidence is legally sufficient to establish the offense charged or any lesser included offense. In light of the foregoing analysis, pursuant to CPL 290.10 and 330.30 (1), and as requested by the defendant, the court must consider whether a lesser included offense could be sustained (see also People v Smith, 183 AD2d 653 [1st Dept 1992], lv denied 80 NY2d 910 [1992]). Here, there was ample evidence to establish the lesser included offense of reckless assault. Accordingly, the conviction for assault in the second degree is reduced to assault in the third degree (Penal Law § 120.00 [2]).

. “ ‘Dangerous instrument’ means any instrument, article or substance, including a ‘vehicle’ as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury.”

. “ ‘Recklessly.’ A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in *562 the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.”