■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN K. SMITH, Appellant. [997 NYS2d 534]—

Clark, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 2, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

In July 2011, defendant was indicted on five counts of criminal possession of a controlled substance in the third degree and five counts of criminal possession of a forged instrument in the second degree stemming from defendant's alleged use of forged prescriptions to obtain oxycodone at three different pharmacies in Broome County. Defendant thereafter pleaded guilty to one count of criminal possession of a forged instrument in the second degree in full satisfaction of the indictment and was sentenced as a second felony offender to a prison term of 2 to 4 years. Defendant now appeals arguing that County Court erred as a matter of law in denying his motion to suppress his identification as the perpetrator of the alleged crimes on the

---

ground that the pretrial identification procedure used by police, a photo array, was unduly suggestive. Upon our review of the photo array and suppression testimony, we affirm.

Initially, a pretrial identification that is unduly suggestive violates due process and is therefore inadmissible against the defendant (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). In this regard, a photo array is unduly suggestive if it "depicts a unique characteristic which draws the viewer's attention so as to indicate that the police have selected a particular individual" (*People v Parker*, 257 AD2d 693, 694 [1999], *lv denied* 93 NY2d 1024 [1999]; *see People v Muniz*, 93 AD3d 871, 872-873 [2012], *lv denied* 19 NY3d 965 [2012]; *People v Colon*, 24 AD3d 1114, 1115 [2005], *lv denied* 6 NY3d 811 [2006]). "While the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d at 335 [citation omitted]). Where suggestiveness is shown, it is the People's burden to demonstrate the existence of an independent source by clear and convincing evidence (*see People v Adams*, 53 NY2d 241, 251 [1981]; *People v Bianca*, 91 AD3d 1127, 1128 [2012], *lv denied* 19 NY3d 862 [2012]).

Finding that the People met their initial burden to establish that the police conduct was reasonable and their procedure was not unduly suggestive, we turn to defendant's ultimate burden. Here, Tricia Ceurter, Michael Perhach and Daniel Smith, three employees of the pharmacies that received the forged prescriptions, were each separately shown a photo array approximately one week following defendant's attempt to fill such prescriptions. The array depicts six individuals of equivalent age and ethnicity who are reasonably similar in appearance. However, we nonetheless find the array to be unduly suggestive to the extent that defendant's photo draws the viewer's immediate attention. Specifically, while the other five photos depict individuals from the shoulders up with the upper portion of their photos consisting of nothing more than a blank, gray background, defendant is shown from the chest up with the top of his head reaching to the very top of the photo. Thus, defendant's face occupies the space that, in all of the other photos, is bare. In our view, this difference cannot be deemed minor and impermissibly "create[d] a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d at 336; *compare People v Matthews*, 101 AD3d 1363, 1364-1365 [2012],

*lv denied* 20 NY3d 1101 [2013]; *People v Bianca*, 91 AD3d at 1128; *People v Lawal*, 73 AD3d 1287, 1287-1288 [2010]; *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). Thus, County Court improperly held that the photo array was not unduly suggestive.

However, we are not persuaded that County Court improperly ruled that witnesses Ceuter and Perhach had an independent source for their identifications of defendant. Specifically, the record before us demonstrates that the People met their burden of establishing, by clear and convincing evidence, that the identifications by Ceuter and Perhach were based on their observations of and interactions with defendant rather than the erroneous police procedure (*see United States v Wade*, 388 US 218, 239-240 [1967]).* Notably, Ceuter testified that she was able to observe defendant as he attempted to fill the forged prescription and provided her with his Medicaid card, bearing his name and photograph. Suspicious of the authenticity of the prescription, Ceuter undertook to verify with the prescribing physician and notified the police. Likewise, Perhach interacted with defendant on at least two occasions when defendant attempted to fill prescriptions and provided Perhach with his driver's license. Similarly, Perhach contacted police due to his suspicions of defendant. Accordingly, the record before us supports admission of the identifications of defendant by Ceuter and Perhach (*see People v Hall*, 57 AD3d 1222, 1224-1225 [2008], *lv denied* 12 NY3d 817 [2009]; *People v Richardson*, 9 AD3d 783, 786-787 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Jones*, 301 AD2d 678, 679-680 [2003], *lv denied* 99 NY2d 616 [2003]; *People v Morgan*, 259 AD2d 771, 772 [1999], *lv denied* 93 NY2d 975 [1999]).

Lahtinen, J.P., Stein, McCarthy and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* The same cannot be said for the identification of defendant by Smith, as we find that his testimony was insufficient to satisfy the People's burden. County Court's error in this regard does not require reversal, however, because defendant pleaded guilty to the count of the indictment that was based upon his conduct in passing a forged prescription to Ceuter.