*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    105930
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                MEMORANDUM AND ORDER

SHATEEK LANIER,
                        Appellant.
_____


Calendar Date:  June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                      _____


        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Joel E. Abelove, District Attorney, Troy (Vincent J.
O'Neill of counsel), for respondent.

                      _____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Rensselaer
County (Ceresia, J.), rendered April 4, 2013, upon a verdict
convicting defendant of the crimes of attempted murder in the
second degree, attempted assault in the first degree, criminal
use of a firearm in the first degree and criminal possession of a
weapon in the second degree (two counts).

        Defendant was indicted for the crimes of attempted murder
in the second degree, assault in the first degree, criminal use
of a firearm in the first degree and criminal possession of a
weapon in the second degree (two counts) in connection with a
shooting that occurred in the City of Troy, Rensselaer County in
May 2012.  Prior to trial, the People moved to amend count 2 of
the indictment to charge defendant with attempted assault in the

first degree instead of assault in the first degree, which motion County Court granted. Following a jury trial, defendant was convicted as charged and subsequently sentenced to an aggregate prison term of 20 years, with five years of postrelease supervision. Defendant now appeals.

Defendant's convictions for attempted murder in the second degree and attempted assault in the first degree were neither based on insufficient evidence nor against the weight of the evidence. In order for defendant to be found guilty of attempted murder in the first degree, the People were required to prove that, "[w]ith intent to cause the death of another person," defendant attempted to cause the death of such person (Penal Law §§ 110.00, 125.25 [1]). As to the charge of attempted assault in the first degree, the People were required to prove that, "[w]ith intent to cause serious physical injury to another person," defendant attempted to cause "such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law §§ 110.00, 120.10 [1]).

As is relevant to these inquiries, two eyewitnesses testified that they observed the shooting and further identified defendant as the person who fired a handgun at the victim. Various evidence established that a total of eight shots were fired at the victim, three of which struck him. This evidence was legally sufficient for defendant's convictions of attempted murder in the first degree and attempted assault in the first degree (see People v Andrews, 127 AD3d 1417, 1420 [2015], lv denied ___ NY3d ___ [June 19, 2015]; People v Stewart, 68 AD3d 1438, 1439 [2009], lv denied 14 NY3d 773 [2010]). Although defendant argues that the testimony of the eyewitnesses who identified him as the shooter should be discredited for various reasons — including lighting conditions, the witnesses' alleged motivations to fabricate the identification and certain discrepancies between their testimony and their prior statements — the jury was able to consider each of these issues now raised and chose to credit the identification of defendant as the shooter. Given the jury's unique opportunity to "view the witnesses, hear the testimony and observe demeanor" (People v Romero, 7 NY3d 633, 644 [2006] [internal quotation marks and citation omitted]), we defer to their credibility determination

and conclude that defendant's convictions were not against the weight of the evidence (see People v Stewart, 68 AD3d at 1439 [2009]).

County Court did not err in denying defendant's motion to dismiss the indictment due to the People's alleged failure to provide defendant with adequate notice of grand jury proceedings. The People are required to notify a defendant of a pending grand jury proceeding when, as is the case here, a defendant has been arraigned on a "currently undisposed felony complaint" (CPL 190.50 [5] [a]).  Such notice must afford "the defendant a reasonable time to exercise his [or her] right to appear as a witness" (CPL 190.50 [5] [a]; see People v Smith, 87 NY2d 715, 720 [1996]).

The uncontested facts establish that the Rensselaer County Public Defender's office initially represented defendant, and the People notified that office on June 4, 2012 that grand jury presentment would begin the following day.  Shortly thereafter, the Public Defender's office requested that new counsel be assigned to defendant due to a conflict of interest, and notice of such fact was provided to the People.  This transition in representation apparently led to a delay in the aforementioned information being provided to defendant, and defendant was informed on June 5, 2012, by his new counsel, that grand jury presentment was currently ongoing.  At approximately 2:00 p.m. that same day, defendant was provided with further notice from the People that grand jury presentment would also take place on June 7, 2012, beginning at 9:30 a.m.  Defendant received that information either shortly before or simultaneous to having an opportunity to consult with counsel.

Given that CPL 190.50 (5) (a) expressly contemplates that the People may provide a defendant notice that a grand jury presentment is "in progress," defendant had no specific right to adequate notice in relationship to the commencement of such presentment.  Rather, the appropriate time line against which to assess defendant's notice is the latest opportunity that he could have exercised his right to appear as a witness (see generally People v Bass, 255 AD2d 689, 692 [1998], lv denied 93 NY2d 966 [1999]).  Further, contrary to defendant's contention, he was not

entitled to receive discovery materials prior to the grand jury presentment so as to make a more informed decision as to whether to provide testimony (see People v Sawyer, 96 NY2d 815, 817 [2001]).  Given that defendant had approximately two days notice before the final day of grand jury presentment and also had an opportunity to consult with counsel, County Court did not err in denying defendant's motion to dismiss the indictment on this ground (see id. at 817).

County Court did not err in denying defendant's motion to suppress the pretrial identifications.  "[A] pretrial identification that is unduly suggestive violates due process and is therefore inadmissible against the defendant" (People v Smith, 122 AD3d 1162, 1162 [2014]; see People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).  Accordingly, the relevant characteristics of the individuals included in a photograph array must be sufficiently similar so as to not "create a substantial likelihood that the defendant would be singled out for identification" (People v Chipp, 75 NY2d at 336; see People v Matthews, 101 AD3d 1363, 1364 [2012], lvs denied 20 NY3d 1101, 1104 [2013]; People v McDonald, 306 AD2d 696, 697 [2003]).  The People have the initial burden of establishing that the police acted reasonably and that the pretrial identification procedures were not unduly suggestive; however, it is the defendant who must ultimately prove that the procedure was unduly suggestive (see People v Chipp, 75 NY2d at 335; People v Smith, 122 AD3d at 1162).

Defendant limits his argument to the contention that the two photo arrays[1] respectively shown to the two witnesses who thereafter identified defendant's picture were unduly suggestive, because only defendant's photograph presented the combination of age, size and clothing that fit the characteristics previously attributed to the shooter.  Our review of the arrays reveals that multiple photographs depicted men wearing hoodies, the same garment the shooter had been reported as wearing.  Further, we discern no significant dissimilarity as to the ages of the men

---

[1]  Each of the two arrays contains the same photographs, although in a different order.

depicted, and the photographs are cropped in a manner that renders height comparisons speculative. Accordingly, because the arrays do not create a substantial likelihood that defendant would be picked out, County Court properly denied defendant's motion to suppress the pretrial identifications (see People v Matthews, 101 AD3d at 1364; People v Coleman, 2 AD3d 1045, 1046 [2003]; People v McDonald, 306 AD2d at 697).

County Court did not abuse its discretion in regard to its Sandoval ruling. Possession of burglar's tools is a conviction involving theft (see People v Vetrano, 88 AD3d 750, 750-751 [2011]) and such a conviction is "particularly probative of credibility" (People v Fomby, 101 AD3d 1355, 1357 [2012]; see People v Lemke, 58 AD3d 1078, 1078-1079 [2009]), and not one particularly similar to the charges here. Accordingly, County Court did not abuse its discretion in permitting cross-examination as to the fact that defendant had such a conviction, but not as to underlying facts or the attendant sentencing (see People v Fomby, 101 AD3d at 1356-1357; People v Vetrano, 88 AD3d 750-741).

Finally, defendant's sentence was neither harsh nor excessive. Defendant shot the victim three times and continued to fire at him as the victim attempted to flee. Further, the particular commission of these crimes included defendant endangering the lives of those community members who were near the scene of the shooting. Given these facts, we do not perceive any abuse of discretion or extraordinary circumstances that would warrant modification of defendant's sentence (see People v Rabideau, 82 AD3d 1283, 1287 [2011], lv denied 17 NY3d 799 [2011]; People v Lozada, 35 AD3d 969, 971 [2006], lv denied 8 NY3d 947 [2007]; People v Arnold, 32 AD3d 1051, 1051 [2006]).

Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court