### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 12, 2016                    106299
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

JOSHUA HARWOOD,
                        Appellant.
_____

Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Adam G. Parisi, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered July 24, 2013, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree.

        Defendant was charged in a five-count indictment with various crimes stemming from his alleged involvement in a shooting.  Following a jury trial, defendant was convicted of attempted murder in the second degree, attempted assault in the first degree, two counts of criminal possession of a weapon in the second degree and reckless endangerment in the first degree. Defendant was sentenced, as a second felony offender, to an

aggregate prison term of 20 years to be followed by five years of postrelease supervision. Defendant appeals, and we affirm.

We reject defendant's contention that the verdict was either based on legally insufficient evidence or that it was against the weight of the evidence. Guilt of attempted murder in the second degree requires proof "that defendant, acting with intent to cause the death of another, engaged in conduct which tended to effect the commission of that crime" (People v Greenfield, 112 AD3d 1226, 1226 [2013], lv denied 23 NY3d 1037 [2014]; see Penal Law §§ 110.00, 125.25 [1]). In regard to the charge of attempted assault in the first degree, the People had to prove that, "[w]ith intent to cause serious physical injury to another person," defendant attempted to cause "such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]; see Penal Law § 110.00; People v Lanier, 130 AD3d 1310, 1311 [2015], lv denied 26 NY3d 1009 [2015]). One count of criminal possession of a weapon in the second degree required proof that defendant intended to use a loaded firearm against another person, while the other count required defendant to possess a loaded firearm outside of his home or business (see Penal Law § 265.03 [1] [b]; [3]; People v Capers, 129 AD3d 1313, 1314 [2015]). Finally, "[a] person is guilty of reckless endangerment in the first degree when, 'under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person'" (People v Heesh, 94 AD3d 1159, 1161 [2012], lv denied 19 NY3d 961 [2012], quoting Penal Law § 120.25).

At trial, proof was introduced that defendant, in a phone call shortly before the shooting, had threatened to kill his ex-girlfriend, who lived on the street where the shooting occurred. Further proof was introduced suggesting that defendant knew what street the ex-girlfriend lived on, but not, perhaps, the exact residence. Evidence related to a GPS tracker established that, at the time of the shooting, a vehicle that defendant drove was stopped in close approximation to the scene of the shooting. Moreover, evidence placed defendant in that car in the immediate aftermath of the shooting. In addition, ballistic evidence was consistent with certain types of firearms having been used in the

shooting, and other evidence tended to suggest that defendant had recently stolen matching firearms. The testimony of defendant's niece and sister established that defendant had left their residence shortly before the shooting and returned shortly after the shooting. The ex-girlfriend testified that, after hearing the gunshots near her residence, she saw defendant running away from the street where the shooting had occurred. Defendant's sister testified that when defendant returned to their residence, he placed his clothes in the wash, began to wash himself with bleach substitute and explained that he was taking these actions in order to remove gunshot residue. Finally, proof was introduced from which a reasonable inference could be drawn that it would have been readily apparent to a shooter that the residence into which shots were fired was occupied by people.

Given the aforementioned proof, the evidence was legally sufficient to support the jury's verdict (see People v Miller, 118 AD3d 1127, 1129 [2014], lv denied 24 NY3d 1086 [2014]). Further, all of the witness credibility issues that defendant now raises were directly before the jury. Given its opportunity to view the witnesses' testimony, we defer to the jury's credibility assessments. Accordingly, we find that the verdict was not against the weight of the evidence (see People v Speed, 134 AD3d 1235, 1236 [2015]; People v Lanier, 130 AD3d at 1311).

Finally, we reject defendant's contention that County Court abused its discretion by allowing the introduction of evidence suggesting that defendant had committed uncharged burglaries. Defendant's confession indicating his involvement in those burglaries, as well as evidence found in his possession that matched certain items that had been reported stolen, was compelling proof that defendant had in fact committed such uncharged crime. In addition, ballistic evidence tended to suggest that weapons used in the shooting matched the types of weapons stolen in the aforementioned burglaries and, therefore, the burglary evidence tended to establish defendant's identity as a person involved in the shooting. Accordingly, the court's conclusion that this evidence was admissible because it fell within the identity exception of Molineux and that its probative value outweighed its prejudicial effect was not an abuse of discretion (see People v Arafet, 54 AD3d 517, 521 [2008], affd 13

NY3d 460 [2009]; People v Brown, 13 AD3d 145, 146 [2004], lv denied 4 NY3d 828 [2005]).  Defendant's remaining contentions are without merit.

Lahtinen, J.P., Garry, Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court