◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREW MCELROY, Respondent. [31 NYS3d 593]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Gary, J.), dated February 20, 2014, as granted that branch of the defendant's motion which was pursuant to CPL 330.30 (1) to reduce his conviction of assault in the second degree to assault in the third degree.

Ordered that the order is affirmed insofar as appealed from.

The evidence at trial established that, in the early morning hours of January 1, 2013, the defendant, who was intoxicated, was a passenger in a taxicab operated by Key Kim. The defendant and Kim had a disagreement about the fare, and after the defendant's credit card was charged for the trip, the defendant refused to sign the credit card receipt or provide a tip. Kim followed the defendant out of the cab and confronted him on the sidewalk. When Kim blocked the defendant's path and grabbed the lapels of the defendant's coat, the defendant punched him in the face, causing him to fall backwards and strike his head on the sidewalk. As a result of the fall, Kim sustained severe brain injuries such that, by the time of trial, he remained unconscious and unable to communicate.

Following a jury trial, the defendant was convicted of assault in the second degree pursuant to Penal Law § 120.05 (4) for recklessly causing serious physical injury to Kim by means of a "dangerous instrument," namely, the sidewalk. The defendant moved, inter alia, pursuant to CPL 330.30 (1) to modify the verdict by reducing the conviction of assault in the second

degree (Penal Law § 120.05 [4]) to assault in the third degree (Penal Law § 120.00 [2]), arguing that the evidence was legally insufficient to establish that the sidewalk constituted a dangerous instrument. The Supreme Court granted that branch of the defendant's motion, holding that "[o]nly *a purposeful use* or employment of an instrumentality can satisfy the statutory definition [of dangerous instrument]" (*People v McElroy*, 43 Misc 3d 558, 561 [Sup Ct, Kings County 2014] [emphasis added]). The People appeal.

A "dangerous instrument" is defined as "any instrument, article or substance . . . which, *under the circumstances in which it is used* . . . , is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13] [emphasis added]). To qualify as a dangerous instrument, an object need not be inherently dangerous (*see People v Carter*, 53 NY2d 113, 116 [1981]). "[T]he statute states plainly that any 'instrument, article or substance', no matter how innocuous it may appear to be when used for its legitimate purpose, *becomes* a dangerous instrument when it is *used* in a manner which renders it readily capable of causing serious physical injury" (*id.* at 116, quoting Penal Law § 10.00 [13]).

Applying this "use-oriented approach" (*People v Carter*, 53 NY2d at 116), the Court of Appeals and this Court have held that a sidewalk or concrete surface can, in certain circumstances, be "used" as a dangerous instrument (*see People v Galvin*, 65 NY2d 761, 763 [1985]; *see also People v Warren*, 98 AD3d 634, 634 [2012]; *People v Melville*, 298 AD2d 601, 601 [2002]). However, in each of these cases, the defendant was charged or convicted of a crime defined by intentional conduct, whereas the defendant in this case was convicted of a crime involving reckless conduct.

We agree with the People's interpretation of Penal Law § 120.05 (4) that the reckless mens rea must be read to modify the phrase "by means of . . . a dangerous instrument" (*see* Penal Law § 15.05 [3]), and that the statute does not, as the Supreme Court held, require "purposeful use" of the dangerous instrument (*see* Penal Law § 15.15 [1]; *see also People v Charles*, 222 AD2d 687, 688 [1995]). However, we disagree with the People's contention that Penal Law § 120.05 (4) does not require that the serious physical injury be recklessly caused by the use of a dangerous instrument. Such a reading of the statute ignores the definition of dangerous instrument, which expressly focuses on the circumstances in which the instrument is "used" (Penal Law § 10.00 [13]), and the use-oriented approach that has evolved directly from that definition (*see*

*People v Carter*, 53 NY2d at 116). Moreover, a person can "use" a dangerous instrument in a reckless manner (*see e.g. People v Heier*, 90 AD3d 1336, 1336-1337 [2011]; *People v Ryan*, 55 AD3d 960, 961 [2008]; *People v Grenier*, 250 AD2d 874, 875 [1998]; *People v Cameron*, 123 AD2d 325, 325-326 [1986]). Therefore, a conviction under Penal Law § 120.05 (4) requires legally sufficient evidence establishing that the defendant recklessly "used" the dangerous instrument.

Here, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), there was no valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that the defendant recklessly used the sidewalk to cause serious physical injury to Kim. Although Kim's injuries were undoubtedly caused by his head striking the sidewalk, it cannot be said that the defendant, in the act of punching Kim, "used" the sidewalk such that he was "aware of and consciously disregard[ed] a substantial and unjustified risk" (Penal Law § 15.05 [3]) that the sidewalk was "readily capable of causing . . . serious physical injury" (Penal Law § 10.00 [13]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPL 330.30 (1) to reduce his conviction of assault in the second degree (Penal Law § 120.05 [4]) to assault in the third degree (Penal Law § 120.00 [2]). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.