*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 7, 2016                    106956
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

      v                                        MEMORANDUM AND ORDER

SALAM AL HAIDERI,
               Appellant.
_____


Calendar Date: May 24, 2016

Before: Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____


      Carolyn B. George, Albany, for appellant.

      P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____


McCarthy, J.

      Appeal from a judgment of the Supreme Court (McDonough, J.), rendered May 16, 2014 in Albany County, upon a verdict convicting defendant of the crimes of predatory sexual assault and rape in the first degree.

      At about 2:00 a.m. on June 2, 2014, the teenage victim left a bar in the City of Albany after becoming separated from her friends and accepted a ride from defendant and his friend, who were strangers to her. They left in a car driven by the friend. During the ride, defendant and the victim sat in the back seat and, after the victim resisted defendant's advances, they began to argue. The driver stopped the vehicle and ordered defendant out, and defendant then dragged the victim out of the car and the driver drove away, leaving them at a roadside curb. The victim

recounted that defendant then forced her behind dumpsters at an adjacent business, where he ordered her on to her knees, grabbed her head and repeatedly slammed it against the cement or concrete parking lot surface and then forcibly raped her. The victim, covered in blood, fled to a nearby gas station where police were summoned, and she was subsequently hospitalized for her injuries. She later identified defendant from a photo array, and a forensic examination of the victim's clothing and samples of evidence from the rape kit yielded a match to samples of defendant's DNA. Following a jury trial, defendant was convicted of predatory sexual assault and rape in the first degree as charged in an indictment and sentenced to concurrent prison terms of 22 years to life for the predatory sexual assault conviction and 22 years with 20 years of postrelease supervision for the rape in the first degree conviction. Defendant appeals.

Initially, Supreme Court did not err in denying defendant's motion to suppress the victim's pretrial identification of him from a police-arranged photo array, rejecting defendant's claim that it was unduly suggestive. "[A] photo array is unduly suggestive if it depicts a unique characteristic which draws the viewer's attention so as to indicate that the police have selected a particular individual" (People v Smith, 122 AD3d 1162, 1163 [2014] [internal quotation marks and citation omitted]). While "[t]he People have the initial burden of establishing that the police acted reasonably and that the pretrial identification procedures were not unduly suggestive[,] . . . it is the defendant who must ultimately prove that the procedure was unduly suggestive" (People v Lanier, 130 AD3d 1310, 1312-1313 [2015], lv denied 26 NY3d 1009 [2015]). Defendant's specific claim is that the other men in the photo array were Caucasian while he is of Middle-Eastern descent with darker skin tone. Our review of the photo array reveals six men who appear to be of similar ages, all with dark hair and varying skins tones, several very similar to defendant's skin tone. We agree with Supreme Court's finding that the characteristics of the men in the photographs, including their skin tone, were sufficiently similar and did not create a "substantial likelihood" that defendant would be singled out for identification by the victim (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; see People v Lanier, 130 AD3d at 1312; People v Matthews, 101 AD3d 1363, 1364 [2012], lvs

denied 20 NY3d 1101, 1104 [2013]; People v Yousef, 8 AD3d 820, 821 [2004], lv denied 3 NY3d 743 [2004]).

With regard to defendant's related claim that the victim initially identified an individual other than defendant as the assailant, the record belies this claim. Testimony at the Wade hearing established that when a police investigator showed the photo array to the victim at the hospital, she "immediately" pointed to defendant's picture and twice identified him as the person who had sexually assaulted her; she then circled defendant's picture and placed her initials above it. When asked for the number of the photograph, the victim stated photo No. 5, which was the number below defendant's photograph, rather than the correct number associated with defendant's photograph, No. 2, which appeared above defendant's photograph.[1]  Notwithstanding this ministerial error, the testimony established both the reasonableness of the police conduct and the lack of any undue suggestiveness or error in the identification procedure (see People v Chipp, 75 NY2d at 335).  Accordingly, defendant's motion to suppress the pretrial identification was properly denied.

Contrary to defendant's contention, his conviction of predatory sexual assault is supported by legally sufficient evidence.  To establish this crime, the People were required to prove, as relevant here, that defendant committed the crime of rape in the first degree and, in the course of that crime or immediate flight therefrom, he "use[d] or threaten[ed] the immediate use of a dangerous instrument" (Penal Law § 130.95 [1] [b]).  Defendant's sole argument on this point is that the proof

---

[1]  The photo array consists of two rows, each with three pictures.  Defendant's photograph appeared as the second picture in the top row, which had a No. 2 above it.  The middle photograph in the bottom row — beneath defendant's picture — had a No. 5 above it.  When the victim circled defendant's picture, she circled both the No. 2 above it and the No. 5 below it, but there is no question that she identified defendant and circled his picture.  Although the police investigator recorded that the victim had identified photo No. 5, the form was later corrected in the victim's presence.

did not establish that he used a dangerous instrument, which is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; see People v Carter, 53 NY2d 113, 116 [1981]; People v Hill, 130 AD3d 1305, 1305-1306 [2015], lv denied 27 NY3d 999 [2015]; People v Taylor, 118 AD3d 1044, 1045 [2014], lv denied 23 NY3d 1043 [2014]). To qualify as a dangerous instrument, the object need not be inherently dangerous but, rather, it must have been "used in a manner which render[ed] it readily capable of causing serious physical injury" (People v Carter, 53 NY2d at 116 [emphasis omitted]; see People v McElroy, 139 AD3d 980, 981 [2016]; People v Ray, 273 AD2d 611, 613 [2000]). Concrete and cement surfaces and sidewalks have been held to constitute a dangerous instruments when used in such a manner (see People v Galvin, 65 NY2d 761, 762 [1985]; People v McElroy, 139 AD3d at 981; see also People v Warren, 98 AD3d 634, 636 [2012]; People v Melville, 298 AD2d 601, 601-602 [2002], lv denied 99 NY2d 617 [2003]). Viewing the evidence in the light most favorable to the People, as we must when considering a challenge to the legal sufficiency of trial evidence (see People v Ramos, 19 NY3d 133, 136 [2012]), we find that, by repeatedly and forcefully smashing the victim's face into the concrete or cement surface, defendant used that surface in a manner readily capable of causing death or serious injury to her. Crediting the victim's account, in combination with the medical testimony as to her injuries, which included trauma and fractures to her face, the evidence was legally sufficient to support defendant's conviction of predatory sexual assault.

However, defendant is correct that rape in the first degree is a lesser included offense of predatory sexual assault in that the former is an element of the latter and defendant could not have committed the latter without also committing the former (see CPL 1.20 [37]; 300.30 [4]; Penal Law §§ 130.35 [1]; 130.95 [1] [b]; People v Lee, 39 NY2d 388, 390 [1976]; People v Earl, 133 AD3d 875, 875 [2015], lv denied 26 NY3d 1144 [2016]; People v Ortiz, 95 AD3d 1140, 1141 [2012], lv denied 19 NY3d 999 [2012]). Since the conviction of the greater count, predatory sexual assault, operates as a dismissal of the lesser count (see CPL

300.40 [3] [b]), we reverse defendant's conviction of rape in the first degree and vacate the sentence imposed thereon (see People v Earl, 133 AD3d at 875).[2]  Defendant's remaining contentions are without merit.

Lahtinen, J.P., Garry, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of rape in the first degree under count 2 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  Although defendant did not request that those counts be charged "in the alternative only" (CPL 300.40 [3] [b]) or object to the charge as given, the conviction of the lesser count must be dismissed under CPL 300.40 (4) (b) (see People v Lee, 39 NY2d at 390; People v Hayes, 104 AD3d 1050, 1052 [2013], lv denied 22 NY3d 1041 [2013]; People v Mitchell, 216 AD2d 863, 864 [1995], lv denied  86 NY2d 798 [1995]).