■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CRUZ, Appellant. [62 NYS3d 100]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered September 11, 2014, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Defendant was identified by a neutral eyewitness who was familiar with defendant and had an ample opportunity to observe him both during the murder and during the events leading up to it. The evidence also supports an inference that, rather than acting recklessly, defendant fired shots with the intent to kill one or more of his enemies, whom he mistakenly believed to be present, and instead killed a bystander. Accordingly, defendant was properly convicted of intentional murder under a theory of transferred intent (*see* Penal Law § 125.25 [1]). To the extent that, in addition to challenging the weight of the evidence, defendant is making a legal sufficiency claim, it is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we similarly reject it, and we likewise reject defendant's ineffective assistance of counsel claim relating to the lack of preservation.

The court providently exercised its discretion in admitting phone calls recorded during defendant's pretrial detention in which he recounted, to various acquaintances, his then-attorney's description of surveillance videotapes that had been viewed by the lawyer, but not by defendant. On appeal, defendant claims that the admission at trial of evidence of what the former attorney told defendant violated his rights to counsel and due process. However, defendant objected to this evidence on entirely different grounds, and the court "did not expressly decide, in response to protest, the issues now raised on appeal" (*People v Miranda*, 27 NY3d 931, 932 [2016]), notwithstanding its "mere reference" (*id.* at 933) to a matter related to the pres-

ent issues. Accordingly, defendant's present claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The references to what the lawyer told defendant about the existence of surveillance videotapes of the homicide were necessary to provide context for defendant's reaction to this news, as expressed to persons defendant chose to call, and this reaction permitted the jury to draw a reasonable inference of consciousness of guilt. Defendant, who was on notice that the calls might be recorded, voluntarily disclosed what would have been privileged communications and thereby waived any attorney-client privilege (*see United States v Mejia*, 655 F3d 126, 133-135 [2d Cir 2011], *cert denied* 565 US 992 [2011]). Furthermore, even if phone calls to friends and family could be excluded on the ground that they "provided insight into possible defense strategies and preparation" (*People v Johnson*, 27 NY3d 199, 205 n [2016]), the calls at issue made no such revelations.

Each of the other three evidentiary rulings challenged on appeal was a provident exercise of discretion that did not deprive defendant of a fair trial. In each instance, the evidence was relevant under the particular circumstances of the case, and was not unduly prejudicial. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.