People v Blackshell (2019 NY Slip Op 09120)





People v Blackshell


2019 NY Slip Op 09120


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


839 KA 16-01484

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNY BLACKSHELL, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT. 
JOHNNY BLACKSHELL, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 8, 2016. The judgment convicted defendant upon a jury verdict of murder in the first degree (three counts), assault in the first degree (two counts), assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him upon a jury verdict of, inter alia, three counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]). That judgment arises from an incident in which several people fired weapons from a moving vehicle into a crowd of people who were leaving a basketball game at the Boys and Girls Club in the City of Rochester, causing the death of three people. In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from a separate incident in which he possessed a loaded .25 caliber handgun in a vehicle. In appeal No. 3, defendant appeals from a judgment convicting him upon his plea of guilty of, among other charges, attempted murder in the second degree (§§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]), arising from a series of incidents in which he and others stole weapons from a house, robbed one person at gunpoint, and shot another person who was standing on a street corner. We affirm in all three appeals.
Addressing first appeal No. 1, we conclude that defendant's contention in his main brief that County Court "committed reversible error by instructing the jury on the doctrine of transferred intent . . . [is] unpreserved for appellate review" inasmuch as he did not object to that instruction either during the charge conference or when the court gave the instructions to the jury (People v Jeffrey, 164 AD3d 604, 605 [2d Dept 2018], lv denied 32 NY3d 1065 [2018]; see People v Williams, 163 AD3d 1422, 1422 [4th Dept 2018]; People v Carey, 159 AD3d 1529, 1530 [4th Dept 2018], lv denied 31 NY3d 1079 [2018]). Contrary to defendant's further contention in his main brief, his motion for a trial order of dismissal with respect to all of the charges that were based on transferred intent did not constitute a timely objection to the court's jury instruction regarding that doctrine (see People v Rudney, 83 AD2d 746, 746 [4th Dept 1981]; see also People v Wolf, 98 NY2d 105, 117 n 2 [2002]).
In any event, the court's instruction was proper. Upon our review of the record, we conclude that "[t]he evidence . . . supports an inference that, rather than acting recklessly, defendant fired shots with the intent to kill one or more of his enemies, whom he mistakenly believed to be present, and instead killed [several] bystander[s]" (People v Cruz, 154 AD3d 429, 429 [1st Dept 2017], lv denied 30 NY3d 1059 [2017], lv denied 33 NY3d 1030 [2019]; see also [*2]People v Lopez, 155 AD3d 892, 893 [2d Dept 2017], lv denied 30 NY3d 1116 [2018]). Consequently, we conclude that the jury was properly instructed on intentional murder under a theory of transferred intent (see CPL 300.10 [2]; see generally People v Dubarry, 25 NY3d 161, 171-172 [2015]; People v Wells, 7 NY3d 51, 56-57 [2006]).
Defendant also failed to preserve for our review his contention in his main brief that one of the prosecutor's comments on summation was not supported by the evidence and that defendant was therefore deprived of a fair trial by that comment (see People v Young, 100 AD3d 1427, 1428 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]; see also CPL 470.05 [2]). In any event, we conclude that the comment "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399 [1981]). Even assuming, arguendo, that the prosecutor's comment went beyond those bounds, we further conclude that it was "not so egregious as to deprive defendant of a fair trial" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012]).
Defendant further contends in his main brief that the People failed to provide him with copies of the affidavits that accompanied the applications for the eavesdropping warrants within 15 days after arraignment, and therefore the court in appeal No. 1 erred in refusing to preclude evidence obtained based on communications that law enforcement agents intercepted pursuant to those warrants (see CPL 700.70). Inasmuch as defendant failed to seek preclusion of the evidence on those grounds, his contention is not preserved for our review (see CPL 470.05 [2]; see also People v Romero, 120 AD3d 947, 949 [4th Dept 2014], lv denied 24 NY3d 1004 [2014]; People v DePonceau, 96 AD3d 1345, 1346 [4th Dept 2012], lv denied 19 NY3d 1025 [2012]; People v Espiritusanto, 4 AD3d 826, 826 [4th Dept 2004], lv denied 2 NY3d 799 [2004]). In any event, that contention lacks merit. The record reflects that the People served copies of the eavesdropping warrants on defendant within 15 days of arraignment on the original indictment and again within 15 days of arraignment on the superseding indictment. Although the People did not serve the supporting affidavits until a later date, the record establishes that the court properly granted the People several extensions of time to serve the affidavits, after the People demonstrated good cause and the absence of prejudice to defendant (see CPL 700.70). We thus conclude that "the purpose of the 15-day statutory service requirement . . . to facilitate the service and filing of all pretrial motions within 45 days after arraignment or within 45 days after service of the papers pursuant to CPL 700.70, was accomplished" (People v Liberatore, 79 NY2d 208, 214 [1992]). We have considered defendant's further contentions regarding the eavesdropping warrants, and we conclude that they lack merit.
Defendant contends in his pro se supplemental brief that the court in appeal No. 1 erred in permitting the People to present certain Molineux evidence (see generally People v Molineux, 168 NY 264, 293 [1901]). We reject that contention. Where, as here,
" identity is in issue and has not been conclusively established, evidence relevant to identification is admissible notwithstanding its incidental proof of guilt of a crime other than those charged' " (People v Igbinosun, 24 AD3d 1250, 1251 [4th Dept 2005]; see People v Goodrell, 130 AD3d 1502, 1503 [4th Dept 2015]; People v Harvey, 105 AD3d 1429, 1430 [4th Dept 2013], lv denied 22 NY3d 996 [2013]). The evidence at issue concerned a prior burglary, in the course of which defendant stole a weapon used in the charged crimes, and ballistic and other evidence connecting defendant to that weapon before and after the commission of the charged crimes. We conclude here that "ballistic evidence tended to suggest that [one of the ]weapons used in the shooting matched the . . . weapon[] stolen in the aforementioned burglary and, therefore, the burglary evidence tended to establish defendant's identity as a person involved in the shooting" at issue (People v Harwood, 139 AD3d 1186, 1188 [3d Dept 2016], lv denied 28 NY3d 1028 [2016]; see People v Leach, 90 AD3d 1073, 1074 [2d Dept 2011], affd 21 NY3d 969 [2013]; People v Nunes, 168 AD3d 1187, 1192 [3d Dept 2019], lv denied 33 NY3d 979 [2019]). We have considered defendant's further contentions in his pro se supplemental brief concerning the court's Molineux ruling, and we conclude that they lack merit.
Contrary to defendant's further contention in his pro se supplemental brief, he was not denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant contends in his main brief that the judgments in appeal Nos. 2 and 3 must be reversed on the ground that he pleaded guilty based on the promise that the sentences in those appeals would run concurrently with the sentence in appeal No. 1. In view of our [*3]determination affirming the judgment in appeal No. 1, that contention lacks merit (see People v Roig, 117 AD3d 1462, 1463 [4th Dept 2014], lv denied 23 NY3d 1042 [2014]; People v Khammonivang, 68 AD3d 1727, 1727-1728 [4th Dept 2009], lv denied 14 NY3d 889 [2010]; cf. People v
Fuggazzatto, 62 NY2d 862, 863 [1984]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court