People v Ames (2023 NY Slip Op 03205)

People v Ames

2023 NY Slip Op 03205

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Ind No. 1469/18 Appeal No. 452 Case No. 2019-05371 

[*1]The People of the State of New York, Respondent,
v
Willie Ames, Defendant-Appellant.

Willie Ames, appellant pro se.
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane R. Kiesel, J.), rendered July 12, 2019, convicting defendant, after a jury trial, of assault in the second degree as a hate crime, assault in the third degree as a hate crime and aggravated harassment in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of eight years, unanimously modified, on the law and the facts, to the extent of vacating the conviction of second-degree assault as a hate crime and dismissing that count, and otherwise affirmed.
The evidence that defendant used subway tracks as a dangerous instrument, a necessary element of the second-degree assault charge, was legally insufficient. The theory supporting this count was not that defendant intended to use the electrified third rail or a moving train as a dangerous instrument, or acted recklessly, but instead that defendant intended that the victim be injured by striking the tracks, alleged to be a "hard object." The evidence failed to establish defendant's intent to use the tracks in that manner. The People's evidence, including the victim's testimony and a blurry video, was consistent with the victim merely tripping and falling onto the tracks during an altercation with defendant (see People v McElroy, 139 AD3d 980 [2d Dept 2016], lv denied 28 NY3d 1029 [2016]; compare People v Garvin, 65 NY2d 761, 762 [1985]). Moreover, even if defendant merely caused the victim to fall on the tracks, that would not establish the specific intent required for this conviction. For similar reasons, we find that the verdict on this count was against the weight of the evidence. Because we are dismissing this count, defendant's arguments for a new trial on this charge or a reduced sentence are academic.
The remaining verdicts were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence disproved defendant's justification defense and established all the elements of these offenses, including selection of victims based on nationality. We have considered and rejected defendant's argument for a new trial on the third-degree assault count (see People v Allen, 32 NY3d 611, 620 [2018]; People v Doshi, 93 NY2d 499, 505-506 [1999]).
Defendant's pro se claims are unreviewable because they involve matters outside
the record.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023