People v Little (2024 NY Slip Op 00331)

People v Little

2024 NY Slip Op 00331

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-02210

[*1]The People of the State of New York, respondent,
v
Kevin Little, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 6, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]). At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought the assessment of 110 points on the risk assessment instrument (hereinafter the RAI), including 30 points under risk factor 1 (use of violence) and 20 points under risk factor 13 (conduct while confined/supervised), thereby presumptively placing the defendant in the level three risk category. In an order dated December 6, 2022, the Supreme Court designated the defendant a level three sex offender, determining that the People established, by clear and convincing evidence, that the defendant should be assessed 110 points on the RAI. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929).
With respect to risk factor 1, the Guidelines provide, inter alia, for the assessment of 30 points when a defendant was "armed with a dangerous instrument" (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006]). "A 'dangerous instrument' is defined as 'any instrument, article or substance . . . which, under the circumstances in which it is used . . . is readily capable of causing death or other serious physical injury'" (People v McElroy, 139 AD3d 980, 981, quoting Penal Law § 10.00[13]). Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the defendant utilized a dangerous instrument, in this case, a brick wall into which he threw the complainant. Under the circumstances, the Supreme Court properly assessed the defendant 30 points for being "armed with a dangerous instrument."
The defendant was also properly assessed 20 points under risk factor 13 based upon his receipt of multiple tier II and tier III disciplinary sanctions, one of which was for lewd behavior [*2](see People v Harrington, 171 AD3d 956, 957).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
In light of our determination, we need not reach the People's remaining contention.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court